IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLARENCE ROBINSON,<br><br>Defendant. | 8:95CR79<br><br>MEMORANDUM<br>AND ORDER |

In 1996, the Court[1] sentenced defendant Clarence Robinson ("Robinson") to life in prison after a jury found him guilty of conspiring to distribute and possess with intent to distribute a mixture or substance containing cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2, as charged in an indictment (Filing No. 1). Robinson now seeks a reduced sentence (Filing No. 247) under the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), which makes retroactively available the more lenient penalties for crack-cocaine offenses under the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 372 (2010). After careful consideration, Robinson's motion is denied.

I.  BACKGROUND

   A.  Factual Background

In 1993 and 1994, several people conspired to transport crack cocaine from California to Nebraska. Robinson, a small player in the large conspiracy, was only personally involved in the final eighty-three-ounce shipment. *See United States v. Robinson*, 110 F.3d 1320, 1329 (8th Cir. 1997) (Heaney, J., concurring). On June 14, 1995, a grand jury indicted Robinson for his role.

---

[1] The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska presided over this case until he retired. This case was reassigned on August 19, 2019 (Filing No. 248).

1

While all his coconspirators pled guilty, Robinson took his case to trial. The day of trial, the government notified (Filing No. 12) the Court under 21 U.S.C. § 851 that Robinson had two prior felony drug convictions. The jury returned a guilty verdict (Filing No. 20) for the conspiracy as charged in the indictment.

Before sentencing Robinson, the Court reviewed his Revised Presentence Investigation Report ("RPSR"), which attributed to Robinson eighty-three ounces (that is, 2.35 kilograms) of crack cocaine. With a total offense level of 38 and criminal history category of IV, the United States Sentencing Guidelines ("guidelines") range was 324 to 405 months. But because the statute mandated life imprisonment based on the drug quantity and enhancement for prior convictions, the guidelines sentence was life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (1996) (imposing a mandatory life sentence for offenses involving fifty grams or more of crack cocaine after two or more prior felony drug convictions).

At Robinson's sentencing, the Court adopted the RPSR and its facts, including the drug quantity. Although the Court was "disturbed" by its lack of discretion and believed the sentence was unjust, the Court imposed the mandatory life sentence.

Since his sentencing, Robinson has challenged his conviction many times through direct appeal, collateral attack, and other miscellaneous motions. All those attacks failed. On direct appeal, the Eighth Circuit found, among other things, the Court "did not err in relying on Robinson's prior felony drug convictions to enhance his sentence" and "the evidence presented at trial [was] sufficient to support [the Court's] finding that Robinson was responsible for at least eighty-three ounces of" crack cocaine. *Robinson*, 110 F.3d at 1328.

### B. The Fair Sentencing Act and First Step Act

At the time of Robinson's offense and sentencing, § 841(b)(1) provided for (1) a five-year mandatory-minimum sentence, enhanced to a ten-year mandatory-minimum sentence with one prior felony drug conviction, for offenses involving five grams or more of crack cocaine, and (2) a ten-year mandatory-minimum sentence, enhanced to a mandatory life sentence with two prior felony drug convictions, for offenses involving fifty grams or more of crack cocaine. As noted above, the Court imposed the mandated life sentence on Robinson.

In 2010, Congress enacted the Fair Sentencing Act, reducing the disparity between sentences for crack cocaine and powder cocaine by increasing the quantity of crack cocaine needed to trigger mandatory-minimum sentences. *See Dorsey v. United States*, 567 U.S. 260, 269 (2012). Specifically, Section 2 "raised the threshold for the 5-year minimum from 5 grams to 28 grams, and raised the threshold for the 10-year minimum from 50 grams to 280 grams." *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019). "Section 3 eliminated the 5-year mandatory minimum for simple possession of" crack cocaine. *Id.*

Under the Fair Sentencing Act, an offense involving 28 but less than 280 grams of crack cocaine could only be enhanced by one prior conviction to a ten-year mandatory-minimum sentence. An offense involving 280 grams or more of crack cocaine with two or more prior felony drug convictions was subject to the mandatory life sentence.

Among his post-conviction motions, Robinson sought relief under the Fair Sentencing Act (Filing No. 197). The Court denied (Filing No. 203) that motion because the Fair Sentencing Act was not retroactive, *see Dorsey*, 567 U.S. at 273, and the Eighth Circuit affirmed (Filing No. 211). Cue the First Step Act.

Because the Fair Sentencing Act only applied to defendants sentenced after August 3, 2010, *see Dorsey*, 567 U.S. at 263, in 2018, Congress enacted the First Step Act which, among other things, made retroactive certain provisions of the Fair Sentencing Act.

3

Relevant in this case, Section 404(b) of the First Step Act authorizes the Court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . ., that was committed before August 3, 2010." Section 404(c) makes clear "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

### C. Robinson's Present Motion

On August 19, 2019, Robinson filed his motion under Section 404(b) of the First Step Act. After the government responded (Filing No. 255), the Court implemented (Filing No. 258) General Order No. 2019-01 appointing the Federal Public Defender to represent Robinson. The U.S. Probation Office then filed (Filing No. 259) a 2019 First Step Act Retroactive Sentencing Worksheet ("worksheet") asserting what it believes are Robinson's 2019 retroactive guidelines calculations pursuant to the First Step Act.

In all, the Court has received (1) one brief from the government, (2) two pro se briefs from Robinson (Filing Nos. 256 and 257), (3) the worksheet, (4) and two briefs (Filing Nos. 270 and 272) from Robinson's counsel as well as an index of exhibits (Filing. No. 275), and in that order.

In its brief, the government resists any sentence reduction in this case, arguing Robinson is not (1) eligible for relief under the First Step Act; (2) entitled to a plenary resentencing; or (3) entitled to a reduction because, based on the drug quantity the Court found at sentencing (2.35 kilograms), he faces the same statutory penalty under the Fair Sentencing Act as when he was originally sentenced.[2]

---

[2]Alternatively, the government requests the Court exercise its discretion to deny a reduction.

In his pro se briefs, Robinson contends he is eligible for relief and urges the Court to instead rely on the drug quantity alleged in the indictment and found by the jury (a detectable amount) to determine his statutory range in this Section 404(b) proceeding. In Robinson's view, relying on the judge-found quantity runs contrary to the Supreme Court's decision in *Alleyne v. United States* that the Sixth Amendment of the United States Constitution requires any fact which increases the statutory minimum to be submitted to a jury and found beyond a reasonable doubt. 570 U.S. 99, 115-16 (2013); *see also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")

In the worksheet, the probation office bases Robinson's 2019 retroactive guidelines range on the 2.35 kilograms of crack cocaine found by the Court at sentencing. The probation office bases Robinson's statutory range, however, on the quantity it believes the jury attributed Robinson, following Chief Judge Gerrard's opinion in *United States v. Moore*, 412 F. Supp. 3d 1111 (D. Neb. 2019). In that case, Chief Judge Gerrard determined "a judge's sentencing findings, made only by a preponderance of the evidence, cannot be used to establish the statutory range for purposes of the First Step Act." *Id.* at 1117-18.

With that, the worksheet shows a 2019 retroactive guidelines range of 324 to 405 months (total-offense level 38, criminal history category IV). The worksheet further states, "[t]he jury found Mr. Robinson responsible for 50 grams or more of crack cocaine" which results in a statutory range of 10 years to life imprisonment under the First Step Act when enhanced by one or more (here, two) prior felony drug convictions. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2010) (imposing a sentence of ten years to life imprisonment for offenses involving twenty-eight grams or more of crack cocaine with one or more prior felony drug convictions).

The worksheet is factually flawed. The verdict shows the jury found Robinson guilty of conspiracy "as charged in the indictment," which alleges only a "detectable

5

amount" of crack cocaine, not fifty grams or more. Based on that quantity, with Robinson's prior convictions, his statutory range under Section 2 of the Fair Sentencing Act would be not more than twenty-years imprisonment. *See* 21 U.S.C. § 841(b)(1)(E)(ii) (2010).

Robinson's counsel objects (Filing No. 269) to the worksheet and has submitted a brief in support of sentence reduction. Not noticing the quantity error, Robinson's counsel asserts the worksheet "correctly summarizes that Robinson was found guilty by a jury of conspiracy and responsible for 50 grams of [crack] cocaine" and "that the sentencing judge found Robinson responsible for 2.35 kilograms of crack cocaine."[3] But Robinson's counsel argues the worksheet incorrectly shows (1) the base-offense level for 2.35 kilograms of crack cocaine (38 instead of 32) and (2) two pertinent prior convictions when an offense involving fifty grams of crack cocaine can only be enhanced by one prior conviction under Section 2 of the Fair Sentencing Act.[4] With a total offense level of 32 instead of 38, Robinson's counsel contends the 2019 guidelines range is 168 to 210 months imprisonment.

As for the brief supporting sentence reduction, that brief (1) rejects the government's narrow view of eligibility and (2) requests the Court impose a sentence of time-served based on the statutory range for fifty grams of crack cocaine. Although Robinson requests a hearing, Robinson's counsel acknowledges the Eighth Circuit has found a hearing is not required for Section 404(b) proceedings. *See United States v. Williams*, 943 F.3d 841, 843 (8th Cir. 2019).

---

[3]Robinson himself, in his pro se briefs, does assert the jury attributed him a detectable amount of crack cocaine.

[4]Robinson's counsel also suggests Robinson may only have one valid prior conviction because his other conviction was dismissed before sentencing in this case but contends that issue is irrelevant since an offense involving fifty grams of crack cocaine can only be enhanced by one prior conviction.

## II. DISCUSSION

As explained by the Eighth Circuit,

> A court considering a motion for a reduced sentence under § 404 of the First Step Act proceeds in two steps. First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction.

*McDonald*, 944 F.3d at 772.

### A. Eligibility

A defendant is eligible for discretionary relief under the First Step Act if they committed a "covered offense." An offense is a "covered offense" if "(1) it is a violation of a federal statute; (2) the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act; and (3) it was committed before August 3, 2010." *McDonald*, 944 F.3d at 772.

Here, the government argues eligibility is determined by the actual drug quantity involved in Robinson's offense, such that he is ineligible if that quantity would not trigger a different statutory penalty under the Fair Sentencing Act. The government points out that based on the Court's finding of 2.35 kilograms of crack cocaine, with Robinson's prior convictions, Robinson would face a mandatory life sentence under the Fair Sentencing Act. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2010). Robinson contends the Eighth Circuit has since rejected the government's narrow interpretation of "covered offense." Robinson is correct.

In *McDonald*, the Eighth Circuit held "the First Step Act applies to offenses, not conduct" and that a defendant's statute of conviction "determines eligibility for relief." 944 F.3d at 772. The question for eligibility is whether the "statutory penalties" for Robinson's statute of conviction "were modified by section 2 or 3 of the Fair Sentencing Act." The answer to that question "is an obvious 'yes.'" *United States v. Smith*, 954 F.3d 446, 450 (1st Cir. 2020).

Robinson was convicted under 21 U.S.C. §§ 841(a) and 846 and 18 U.S.C. § 2. As noted above, section 2 of the Fair Sentencing Act raised the quantity thresholds for crack-cocaine penalties under § 841(b)(1), which sets forth all the "statutory penalties" for § 841(a) (and incidentally § 846 and 18 U.S.C. § 2).[5] Accordingly, Robinson committed a covered offense by violating, before August 3, 2010, a federal statute for which the statutory penalties were modified by Section 2 of the Fair Sentencing Act and he is eligible for relief under the First Step Act.

### B. The Merits

Simply because Robinson is eligible for relief "does not mean [he] is entitled to relief under the [First Step] Act. It only means that his motion is entitled to be considered on the merits." *United States v. Gravatt*, 953 F.3d 258, 262 (4th Cir. 2020). The Court will consider that next. To do so, the Court must decide the sentencing procedures for Section 404(b) proceedings and what drug quantity to attribute Robinson to determine his statutory range.

#### 1. The Scope and Nature of Section 404(b) Proceedings

First, the Court must determine the scope and nature of Section 404(b) proceedings. The government contends Robinson is not entitled to a plenary resentencing hearing but instead only a limited sentencing modification under 18 U.S.C. § 3582(c)(1)(B). The Court agrees.

Under § 3582(c), a sentencing "court may not modify a term of imprisonment once it has been imposed except" in narrow circumstances. As relevant here, § 3582(c)(1)(B) authorizes the Court to modify a "term of imprisonment to the extent . . . expressly permitted by statute." The Court joins the majority of courts which have concluded

---

[5]Specifically, the Court sentenced Robinson under § 841(b)(1)(A)(iii) (1996), which Section 2 of the Fair Sentencing Act modified by increasing the quantity threshold from fifty grams to 280 grams. That Robinson may ultimately be responsible for more than 280 grams, as discussed below, is immaterial to the eligibility analysis which focuses on the statute of conviction, not conduct.

Section 404(b) fits under § 3582(c)(1)(B)'s narrow exception to finality as it "expressly permit[s]" the Court to "modify an imposed term of imprisonment." *See United States v. Wirsing*, 943 F.3d 175, 182-83 (4th Cir. 2019) (collecting cases).

Because § 3582(c)(1)(B) governs, the scope of Section 404(b) proceedings is limited.[6] Under § 3582(c)(1)(B), the Court can only modify a term of imprisonment to the extent the authorizing statute allows. Here, Section 404(b) only authorizes the Court to impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."

The Fifth Circuit addressed the scope of Section 404(b) proceedings in *United States v. Hegwood*, 934 F.3d 414, 417-18 (5th Cir. 2019). In that case, the Fifth Circuit upheld a district court's decision not to reevaluate a career-criminal enhancement in a Section 404(b) proceeding despite intervening Fifth Circuit case law that undermined the reason to apply the enhancement. *Id.* at 417. The Fifth Circuit explained,

> It is clear that the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed. The calculations that had earlier been made under the Sentencing Guidelines are adjusted "as if" the lower drug offense sentences were in effect at the time of the commission of the offense. . . . The express back-dating only of Sections 2 and 3 of the Fair Sentencing Act of 2010—saying the new sentencing will be conducted "as if" those two sections were in effect "at the time the covered offense was committed"—supports that Congress did not intend that other changes were to be made as if they too were in effect at the time of the offense.

*Id.* at 418. The Court decides whether to reduce a sentence simply "by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *Id.*

---

[6]Another consequence is that a hearing with the defendant present is not required for proceedings under § 3582(c)(1)(B). *See* Fed. R. Crim. P. 43(a)(3). This is consistent with the Eighth Circuit's conclusion that the First Step Act has no hearing requirement. *See Williams*, 943 F.3d at 843.

In other words, the Court cannot disturb other findings or reconsider other collateral aspects of sentencings, such as prior convictions and other sentencing-enhancement decisions. *See Moore*, 412 F. Supp. 3d. at 1117 (declining to consider adjustments to an offense level for use of a firearm and obstruction of justice because "[o]nly the changes wrought by the Fair Sentencing Act are at issue"); *see also United States v. Crooks*, 00-cr-00439-6, 2020 WL 255995, *7 (D. Colo. Jan. 17, 2020) (explaining a Section 404(b) proceeding "is not a plenary proceeding that allows reconsideration of collateral aspects of sentencing"). The Court may instead only consider the guidelines and statutory ranges adjusted "as if" the Fair Sentencing Act were in effect. *See Moore*, 412 F. Supp. 3d at 1116-17.

The Fourth Circuit has rejected this interpretation of Section 404(b) proceedings, taking a far broader view of a district court's authority under the First Step Act. In *United States v. Chambers*, No. 19-7104, 2020 WL 1949249, *1 (4th Cir. April 23, 2020), the Fourth Circuit held a district court erred in denying relief under the First Step Act by not considering intervening, retroactively applicable case law which would have disqualified the defendant from a career-criminal enhancement applied at his original sentencing. The Fourth Circuit, rejecting *Hegwood*, held courts in Section 404(b) proceedings must recalculate and "correct any guidelines error deemed retroactive." *Id.* at *1-2. The Fourth Circuit further concluded nothing in the First Step Act bars courts from considering intervening case law in such proceedings. *Id.* at *3.

Judge Rushing dissented from the opinion in *Chambers*, siding with *Hegwood* that a district court's authority in Section 404(b) proceedings is limited to what is "expressly permitted" (rather than what is implicitly allowed) under the First Step Act. *Id.* at *7-8. The Court finds Judge Rushing's well-reasoned dissent and *Hegwood* persuasive.

By the plain language of § 3582(c)(1)(B), the Court may only impose a reduced sentence as "expressly permitted" under the First Step Act, which does not include reevaluating collateral matters beyond Sections 2 and 3 of the Fair Sentencing Act.

10

Defendants instead must collaterally attack their sentences under 28 U.S.C. § 2255. While the First Step Act is silent on intervening case law decided between the original sentencing and the Section 404(b) proceeding, "Congress has already told us how to interpret silence in this context: a court 'may not modify a term of imprisonment' except 'to the extent otherwise expressly permitted by statute or Rule 35.'" *Chambers*, 2020 WL 1949249, *8 (Rushing, J., dissenting) (quoting 18 U.S.C. § 3582(c)(1)(B)).

The majority in *Chambers* faults *Hegwood* for relying on case law pertaining to § 3582(c)(2) which deals with sentencing modifications based on guidelines amendments and is more restrictive than § 3582(c)(1)(B). *Id.* at *5. For example, *Hegwood*, 934 F.3d at 418, references *Dillon v. United States*, 560 U.S. 817, 826 (2010). In that case, the Supreme Court observed that § 3582(c)'s general rule of finality shows "Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 826. While § 3582(c)(2)'s strict procedures do not apply in Section 404(b) proceedings, *Dillon*'s reasoning "applies with equal force here." *Chambers*, 2020 WL 1949249, *9 (Rushing, J., dissenting).

Accordingly, the Court concludes § 3582(c)(1)(B) governs Section 404(b) proceedings and such proceedings allow only a limited sentencing modification as expressly authorized under the First Step Act.[7]

---

[7]Because of this, although Robinson's thought process that one of his prior convictions was dismissed before he was sentenced in this case may have some merit, this Section 404(b) proceeding is not the appropriate vehicle for making that collateral attack, which is more appropriately raised under § 2255. Restrictions such as limits on successive habeas petitions, may bar Robinson from relief under § 2255—the Court already denied such an attempt for that reason in this case (Filing No. 162). But Robinson cannot circumvent the restrictions of § 2255 through a First Step Act motion. *See Chambers*, 2020 WL 1949249, *8 (Rushing, J., dissenting).

### 2. Drug Quantity

Finally, to determine Robinson's statutory range, the Court must determine what quantity of crack cocaine to attribute him—the quantity alleged in the indictment and found by the jury or the quantity found by the Court at sentencing. That is, the Court must decide whether the Supreme Court's holding in *Alleyne* is implicated in Section 404(b) proceedings. This determination is significant as Robinson faces not more than twenty-years imprisonment based on the jury-found quantity but a mandatory life sentence based on the judge-found quantity.[8]

In *Alleyne*, the Supreme Court held that the Sixth Amendment guarantees the right to have a jury find beyond a reasonable doubt any fact that increases a mandatory-minimum punishment for an offense. *See Alleyne*, 570 U.S. at 115-16; *see also Apprendi*, 530 U.S. at 490.

With no direction from the Supreme Court or the Eighth Circuit on this issue, the Court finds *Alleyne* does not apply in this context because (1) *Alleyne* is not retroactive; (2) Section 404(b) proceedings pose no risk of increasing a defendant's statutory penalty; and (3) relying on quantity alleged in the indictment rather than the actual facts of the case would result in disparate sentences for those sentenced before and after the Fair Sentencing Act went into effect. Although the Court recognizes the majority of district courts to consider this question have reached the opposite conclusion, *see Moore*, 412 F. Supp. 3d at 1117-18 (collecting cases), the Court joins those courts which have found that consensus is growing in the "wrong direction," *United States v. White*, 413 F. Supp. 3d 15, 23 (D.D.C. 2019).

First, *Alleyne*, decided after Congress enacted the Fair Sentencing Act, does not apply retroactively. *See Walker v. United States*, 810 F.3d 568, 574 (8th Cir. 2016). The

---

[8] Robinson's counsel seems to assume the Court will apply the fifty-gram quantity but, unlike Robinson in his pro se brief, does not explain why that should be the case.

First Step Act itself includes no provision making the holding in *Alleyne* retroactive, instead narrowly cabining the Court's discretion to impose a reduced sentence "as if" only "Sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Respecting the limited scope of Section 404(b) proceedings, the Court must simply "plac[e] itself in the time frame of the original sentence" before *Alleyne* and "alter[] the relevant legal landscape *only* by the changes mandated by the 2010 Fair Sentencing Act."[9] *Hegwood*, 934 F.3d at 418 (emphasis added).

Second, *Alleyne* is not implicated here because there is no possibility of *increasing* the mandatory-minimum punishment. *See White*, 413 F. Supp. 3d at 43-44. Any fact that increases the statutory minimum or maximum must be submitted to a jury and found beyond a reasonable doubt. *See Alleyne*, 570 U.S. at 115-16. But the First Step Act only authorizes the Court to either leave a defendant's sentence the same or impose a "reduced sentence." *See United States v. Banuelos*, No. 02-cr-084 WJ, 2019 WL 2191788, at *3 (D.N.M. May 21, 2019) (finding that declining to reduce a sentence is not an increase).

Section 404(b) proceedings, therefore, do not trigger the Sixth Amendment right to a jury because such proceedings do not "increase the ceiling" or "the floor" for "the prescribed range of sentences to which a defendant is exposed in a manner that aggravates the punishment." *Alleyne*, 570 U.S. at 108; *cf. Dillon*, 560 U.S. at 828 (finding sentence-modification proceedings under § 3582(c)(2) "do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt" because judge-found facts in those proceedings "do not serve to increase the prescribed range of punishment"); *United States v. Leanos*, 827 F.3d 1167, 1169-70 (8th Cir. 2016) (declining to apply *Alleyne* in the context of 18 U.S.C. § 3553(f)'s safety-valve provision for judge-found facts

---

[9]As noted above, the Fourth Circuit in *Chambers* contemplates courts considering intervening case law in Section 404(b) proceedings. But *Chambers* dealt with a law it had already declared retroactive. 2020 WL 1949249, *5 (distinguishing *Hegwood* which dealt with a change in the law which did not apply retroactively).

13

precluding eligibility because leaving a mandatory-minimum sentence in place does not equate to increasing the statutory penalty).

Finally, the government contends "referring only to the quantity alleged in the indictment would result in unfair and disparate outcomes for defendants sentenced before and after the Fair Sentencing Act took effect." The argument is compelling. As the government points out, prior to *Alleyne*, indictments were not required to allege, and juries were not required to find, specific drug quantities. Those quantities were instead determined by the Court at sentencing like in this case.

Robinson provides the perfect example of the asymmetry that would consequently result if the Court now ignored the quantity it found at sentencing. If Robinson committed his crime after Congress enacted the Fair Sentencing Act, Robinson would still face mandatory life sentence based on the Court's finding of 2.35 kilograms with his prior convictions. But if the Court now imposed a reduced sentence under the First Step Act as if the Fair Sentencing Act was in place but based on the amount charged in the indictment—merely a detectable amount of crack cocaine—Robinson would face not more than twenty years imprisonment, even with his prior felonies.[10] Therefore, a defendant would be in a better position if sentenced under the First Step Act's retroactive application of the Fair Sentencing Act than under the Fair Sentencing Act itself.

The Court finds improbable that Congress intended to create this new disparity, created by untethering sentences from the actual facts of the case.[11] The Court therefore

---

[10]Or, if the Court would accept Robinson's counsel's position that the jury found him responsible for fifty grams or more of crack cocaine, then Robinson would face ten years to life imprisonment.

[11]The Court is sympathetic to the disparity Robinson himself faces in this case, bearing the harshest sentence of the conspiracy with arguably the smallest role. *See Robinson*, 110 F.3d at 1328-29 (Heaney, J., concurring). But, unfortunately, Section 404(b) is not the appropriate vehicle to address this disparity, which would be better raised under § 3582(c)(1)(A)(i). *See, e.g., United States v. Millan*, 91-CR-685

14

finds the drug quantity the Court found at sentencing dictates Robinson's statutory range in this Section 404(b) proceeding.

### C. Relief

Robinson remains subject to a mandatory life sentence under Section 2 of the Fair Sentencing Act because his offense (1) involved more than 280 grams of crack cocaine and (2) is enhanced by two prior felony drug convictions. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2010). Robinson contends his new retroactive guidelines range is 168 to 210 months (based on the probation office and his counsel's assertion of fifty grams of crack cocaine) because his base offense level is 32 and his criminal history category is IV. But even accepting those calculations, Robinson's guidelines range remains life because "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence should be the guidelines range." U.S.S.G. § 5G1.1(b).

Therefore, the Court will not impose a reduced sentence in this case. Based on the foregoing,

IT IS ORDERED:
1. Defendant Clarence Robinson's Motion for a Reduced Sentence under the First Step Act (Filing No. 247) is denied.
2. Robinson's Motion for Status (Filing No. 250) and objection (Filing No. 269) to the worksheet are denied as moot.

Dated this 5th day of May 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

---

(LAP), 2020 WL 1674058, *14-15 (S.D.N.Y. April 6, 2020) (reducing a sentence based in part on an unwarranted sentencing disparity).