IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:95CR79 |
| v. | |
| CLARENCE ROBINSON, | ORDER |
| Defendant. | |

    This matter is before the Court on Clarence Robinson's ("Robinson") Motion to Reduce Sentence (Filing No. 247) under the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Court initially denied Robinson's motion (Filing No. 279) because the Court determined he was still subject to a mandatory life sentence. Robinson appealed the Court's decision, *see United States v. Robinson*, 9 F.4th 954, 955 (8th Cir. 2021), and the Eighth Circuit found Robinson is no longer categorically subject to a mandatory life sentence, *id.* at 959. No further briefing was submitted by either party following the remand.

    In 1995, Robinson was indicted for conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. A jury found Robinson guilty (Filing No. 20) of conspiracy as charged in the indictment, but it did not make a specific finding as to the drug quantity involved. The sentencing judge determined Robinson was responsible for 2.35 kilograms of crack cocaine. Robinson also had two prior felony drug convictions. With a total offense level of 38 and criminal history category of IV, the United States Sentencing Guidelines ("guidelines") range at that time was 324 to 405 months. But based on the drug quantity and enhancement for prior convictions, Robinson was subject to a statutory sentence of mandatory life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (1996) (imposing a mandatory life sentence for offenses involving fifty grams or more of crack cocaine after two or more

prior felony drug convictions). Although the sentencing judge was "disturbed" by his lack of discretion and believed the sentence was unjust, he imposed the mandatory life sentence. Now having that discretion to reduce Robinson's sentence under the First Step Act, *see Robinson*, 9 F.4th at 959, the Court reviews Robinson's motion on the merits.

As interpreted by the Eighth Circuit, courts must conduct a two-part analysis in applying the First Step Act. *See United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019). "First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction." *Id.* Because this Court has already determined Robinson is "eligible" for relief because he committed a "covered offense," (Filing No. 279), *see Robinson*, 9 F.4th at 958 ("Robinson's offense is a covered offense, and he is consequently eligible for a sentence reduction."), the Eighth Circuit instructs that this Court may exercise its discretion to grant his request. *See, e.g., United States v. Birdine*, 962 F.3d 1032, 1034 (8th Cir. 2020); *United States v. White*, 984 F.3d 76, 88 (D.C. Cir. 2020). In making that discretionary decision, the Court has considered the circumstances of Robinson's case and criminal history, the initial judge-found drug quantity, a revised guidelines calculation[1], the 18 U.S.C. § 3553(a) factors, and his post-sentence rehabilitation but is ultimately not bound by any of those. *See Robinson*, 9 F.4th at 959.

As discussed above, Robinson had two relatively minor drug offenses prior to the instant offense, in which he played only a small role. In this large conspiracy to transport crack cocaine that spanned multiple years, the evidence before the Court indicates Robinson was personally involved in one shipment. *See United States v. Robinson*, 110 F.3d 1320, 1329 (8th Cir. 1997). At the time of sentencing, the sentencing judge felt

---

[1] In *United States v. Holder*, 981 F.3d 647, 651 (8th Cir. 2020), the Eighth Circuit instructed that "the First Step Act requires the court to determine the amended guidelines range *before* exercising its discretion whether to grant relief." (emphasis in original). As the Court previously discussed and considered (Filing No. 279), there is some question as to Robinson's revised guidelines range, but under either scenario, the Court reaches the same conclusion.

Robinson was being punished too harshly for his limited involvement. For example, none of Robinson's co-conspirators received more than 120 months imprisonment, even though they played much larger roles in the conspiracy. *See United States v. Smith, et al*, 8:94-CR-28 (D. Neb.) (Filing Nos. 144, 145, and 146).

While Robinson was originally subject to mandatory life imprisonment due to his past convictions and drug quantity, the Eighth Circuit has clarified that it is of the opinion that "Robinson's offense of conviction—not the underlying drug quantity—determines his applicable statutory sentencing range" under the First Step Act, which is now "'not . . . less than 10 years and not more than life imprisonment.'" *Robinson*, 9 F.4th at 959 (quoting 21 U.S.C. § 841(b)(1)(A)(iii) (2010). The Court believes Robinson, who has now served over 26 years in prison, has served sufficient time for his crime.

Robinson has also worked hard to rehabilitate himself while in prison; he has taken multiple college courses and completed numerous programs while incarcerated. In addition, Robinson has strong familial connections and friendships that will serve him well in reentering society. He is no longer the young man that he was when he entered prison, and the Court finds Robinson's sentence should be reduced to time served.

To put Robinson in the best position to make a successful transition back into the community, the Court finds he should reside at a residential reentry center for up to 180 days upon his release and imposes eight years of supervised release. Accordingly,

IT IS ORDERED:
1. Defendant Clarence Robinson's motion to reduce his sentence under Section 404 of the First Step Act (Filing No. 247) is granted.
2. Robinson's sentence is reduced from life imprisonment to time served.
3. An amended judgment shall issue with an eight-year term of supervised release, which shall include a requirement that Robinson reside in a residential reentry center immediately following his release for a period of up to 180 days, as directed by the probation office.

Dated this 16th day of December 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge